UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:11-CR-16-GFVT-HAI-4 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| SAMUEL KEITH MILLER, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 244), considers reported violations of supervised release conditions by Defendant Samuel Keith Miller. District Judge Van Tatenhove entered a judgment against Defendant on September 9, 2011, for aiding and abetting his co-defendants (and vice versa) to willfully and knowingly steal and purloin various property belonging to the United States Department of Agriculture Forest Service, the total value of which exceeded $1,000.00. D.E. 100. The Judgment included 12 months of imprisonment and a three-year term of supervised release to follow. *Id.* at 2–4. Defendant's first term of supervised release began on January 19, 2012.

On September 18, 2013, the United States Probation Office ("USPO") issued a Supervised Release Violation report ("the Previous Report") charging Defendant with three violations, and secured a warrant from District Judge Van Tatenhove on September 23, 2013. The Previous Report alleged that Defendant did not comply with the condition of his release that states, "The defendant shall not commit another federal, state, or local crime." It also alleged that Defendant violated Standard Condition # 11: "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

Finally, the Report alleged that Defendant violated Standard Condition # 2: "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." The underlying conduct was driving while intoxicated and failure to submit monthly supervision reports. At the outset of the final supervised release hearing on October 24, 2013, the parties stated that they had arrived at an agreed disposition: if Defendant stipulated to all three violations, the United States would recommend revocation of supervised release, incarceration for six months, and reimposition of supervised release for a term of 24 months. The Court adopted the parties' recommendation and further recommended it to District Judge Van Tatenhove. D.E. 180. On November 20, 2013, District Judge Van Tatenhove adopted the undersigned's Recommended Disposition. D.E. 190.

On May 20, 2014, the USPO issued a Supervised Release Violation report ("the Report") charging Defendant with committing five violations of his supervised release, and secured a warrant from District Judge Van Tatenhove on June 30, 2014. The Report first alleges that Defendant violated the condition of his supervised release that states, "The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons." The Report next alleges that Defendant did not comply with the condition of his release that states, "The defendant shall not commit another federal, state, or local crime." The Report then alleges that Defendant violated Special Condition No. 4: "The defendant shall abstain from the use of alcohol." The Report further alleges that Defendant committed a second violation of the condition that "[t]he defendant shall not commit another federal, state, or local crime." Finally, the Report alleges that Defendant violated Standard Condition # 11: "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."

Specifically, the Report states that, while Defendant was released from the custody of the Bureau of Prisons on April 7, 2014, Defendant had not contacted his supervising officer as of the date of the Report (May 30, 2014). Additionally, on April 21, 2014, Defendant was charged in Laurel County District Court with Alcohol Intoxication in a Public Place, and on May 5, 2014, pled guilty to the charge. The Report states that he admitted to a Laurel County Sheriff's officer that he had been drinking "beer all day," and that he was too intoxicated to perform field sobriety tests. Finally, on April 22, 2014, Defendant was again arrested and charged with Alcohol Intoxication in a Public Place. The Report avers that Defendant stole a bottle of Listerine from a K-Mart in London and consumed the contents in a bathroom at the store. Defendant did not report either of the arrests to his supervising USP Officer.

The Court conducted an initial appearance pursuant to Rule 32.1 on July 15, 2014, and set a final hearing following Defendant's knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. D.E. 241. At that time, the United States made an oral motion for interim detention, to which Defendant did not object. *Id.* Based on the heavy burden on Defendant under 18 U.S.C § 3143(a), the Court found that detention was required. *Id.*

At the final hearing on July 18, 2014, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 243. At the outset of the hearing, the parties stated that they had arrived at an agreed disposition: if Defendant stipulated to all of the violations, the United States would recommend revocation of supervised release, incarceration for six months, and reimposition of supervised release for a term of three months to be served at a halfway house. For the purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for all of the violations, as described in the Report. *Id.*

The Court has evaluated the entire record, including the Supervised Release Violation Report and accompanying documents, the Previous Report and accompanying documents, and Defendant's presentence investigation report. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis. Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. §§ 2 and 641, is a Class C felony. *See* 18 U.S.C. § 2, 18 U.S.C. § 641, 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under U.S. Sentencing Guidelines Manual § 7B1.1, Defendant's admitted conduct qualifies as a Grade C violation with respect to each violation. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade C violation, *see* U.S. Sentencing Guidelines Manual § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 3–9 months. Both parties agreed to this calculation of the range.

The Court has considered all of the 18 U.S.C. § 3553 factors imported into the 18 U.S.C. § 3583(e) analysis, and finds that imprisonment of six months is appropriate based upon those factors. The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S. Sentencing Guidelines Manual 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

The nature and circumstances surrounding Defendant's original offense are not a driving factor in the Court's analysis because the violative conduct is not directly related to the previous criminal behavior.

Defendant's history and characteristics as pertain to this analysis revolve around Defendant's chronic alcoholism. Defendant has again returned to drinking, and resumed making poor decisions leading to particularly dangerous actions. While, thankfully, Defendant was not driving when he was arrested for either intoxication violation, the Court is not convinced that his abstention from drinking and driving in regard to these violations is evidence that Defendant would not drink and drive in the future if left to his own devices. Defendant has been involved in at least three motor vehicle accidents as a result of his drinking, including the motorcycle accident which formed the basis of his last set of violations. Defendant is to be commended for his voluntary enrollment in an alcohol abuse treatment program prior to his arrest in this matter, but Defendant needs to make a lifelong commitment to staying sober. The Court has not seen an indication that Defendant has made that commitment.

The need to protect the public and deter criminal conduct by Defendant weighs heavily in the Court's analysis. As noted above, Defendant engages in behavior that is dangerous to both

himself and others when he drinks alcohol, particularly driving under the influence. Incarcerating Defendant for six months will protect the public during this period, and will hopefully help Defendant make better choices when he is released and placed back on supervised release. The Court makes a recommendation to District Judge Van Tatenhove that Defendant serve his three-month term of supervised release at a halfway house in the hopes of establishing a stable and supportive environment that will educate Defendant on how to make good decisions going forward.

The need to provide education, training, and treatment is present, but not a strong factor. Defendant clearly does need treatment for his alcoholism and any underlying mental health problems. However, Defendant has had plenty of opportunity to learn from treatment and has not. The Court is not optimistic that more court-ordered treatment will yield any appreciable benefit.

The Court has also considered the need to avoid unwarranted disparities. The recommended sentence is within the United States Sentencing Guidelines range, and thus avoids such disparities.

The nature of supervised release includes trust placed in Defendant to adhere to the conditions of his release. Defendant did not repay that trust for a second time. A six-month term of imprisonment upon revocation will give Defendant time to reflect on the trust placed in him, and the Court hopes that after such reflection, Defendant will be able to make better decisions during his new term of supervised release.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release

authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction under 18 U.S.C. §§ 641 and 2 carried a maximum supervised release term of three years. Under section 3583(h), the maximum at this point is therefore three years "less any term of imprisonment . . . imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Defendant has already served a six-month term of incarceration following his stipulation to previous violations. If this Recommended Disposition is adopted by District Judge Van Tatenhove, Defendant will serve an additional six months of incarceration, yielding a post-revocation cap of 24 months. The Court's recommendation of three months is below the cap, and therefore permissible. Defendant has not been successful on supervised release; however, the indications are that Defendant's lack of success may be due in part to lack of a stable environment and support. The Court finds that reimposition of a short term of supervised release to be served in a halfway house is therefore warranted.

Based on the foregoing, the Court **RECOMMENDS** revocation and imprisonment for a term of six months based on the violations found, with a three-month term of supervised release under the conditions previously imposed to follow, with the additional condition that Defendant reside at a halfway house for the duration of the term.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 21st day of July, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge