UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
|  | ) | Criminal No. 11-16-GFVT |
| Plaintiff, | ) ) | |
| V. | ) | **ORDER** |
| SAMUEL KEITH MILLER, | ) ) ) | |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the reported violations of supervised release conditions by Defendant Samuel Keith Miller. This issue was referred to Magistrate Judge Hanly A. Ingram [R. 264], who conducted a final supervised release revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1(b). [R. 270]. Following this hearing, Judge Ingram prepared a Recommended Disposition, in which he recommended revocation and imprisonment for a term of nine months based on the violations found, with no term of supervised release to follow. [R. 271].

Samuel Keith Miller was initially sentenced by this Court to 12 months imprisonment and a three-year term of supervised release after he pled guilty to aiding and abetting his co-defendants to willfully and knowingly steal and purloin various property belonging to the United States Department of Agriculture, the total value of which exceeded $1,000. [R. 100]. Miller began his first term of supervised release on January 19, 2012. However, upon the United States

1

Probation Office's first Supervised Release Violation Report, [R. 165], that supervised release was revoked on November 21, 2013 [R. 191], when Miller was sentenced to six months imprisonment and a 24 month term of supervised release. He was released from custody on that sentence on April 7, 2014. After the USPO issued a second Supervised Release Violation Report, [R. 232], however, Miller's supervised release was revoked for a second time on September 5, 2014, and he was sentenced to six months' incarceration and the reimposition of his supervised release for a term of three months, to be served at a halfway house. [R. 257]. Miller began the instant term of supervised release on January 5, 2015.

On January 22, 2015, the USPO issued a third Supervised Release Violation Report, charging Miller with the above-described violations. [*See* R. 258]. Specifically, the report charged that, as of the date of the report, Miller had not contacted his supervising officer as required upon release from custody; that Miller had committed a crime, namely alcohol intoxication and theft by unlawful taking under $500, and pled guilty to those charges in Knox County District Court; and that Miller had failed to report that arrest to his supervising officer. [*See* R. 271]. On January 28, 2015, Magistrate Judge Ingram conducted an initial appearance, at which he found probable cause to believe the violations set forth in the Report by the United States Probation Office and remanded Miller to custody pending his final hearing. [R. 265]. Judge Ingram conducted the final hearing on February 3, 2015, at which Miller competently stipulated to the charged violations. [R. 270]. On February 5, 2015, Judge Ingram issued a Recommended Disposition which recommended that Miller's term of supervised release be revoked and that he be imprisoned for a term of nine months with no term of supervised release to follow. [R. 271 at 5].

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in reaching his recommended sentence.  He found that the need to deter criminal conduct and protect the public from Miller's repeated criminal actions weighed in favor of a nine-month term of incarceration.  Judge Ingram also found that, in light of Miller's repeated supervised release violations, the reimposition of supervision was not warranted.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  As the period for Miller to file his objections to the Recommended Disposition has passed and no objection has been raised, Miller has effectively waived any rights he might have had to de novo review by this Court or an appeal in the Court of Appeals.  Further, Miller recently filed a waiver of allocution [R. 282], expressly waiving any right he might have had to a hearing prior to a final judgment by this Court.  This Court has nonetheless examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, it is **ORDERED** as follows:

1. The final hearing and allocution hearing scheduled for May 21, 2015 is **CANCELLED** in light of the Defendant's recently filed Waiver of Allocution.  [R. 282].

2. Defendant Samuel Keith Miller is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Miller's Supervised Release is **REVOKED**;

4. Miller is **SENTENCED** to the Custody of the Bureau of Prisons for a term of nine (9) months, with no term of supervision to follow, under those additional conditions recommended by the Magistrate Judge, including the recommendation that the BOP evaluate Miller regarding potential placement in a Residential Re-Entry Center; and

5. Judgment shall be entered promptly.

This the 3rd day of April, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge